The Honorable Myra Jones State Representative 2001 North Tyler Little Rock, AR 72207
Dear Representative Jones:
This is in response to your request for an opinion regarding A.C.A. 18-16-108. Your specific question is as follows:
 One of my realtor constituents has asked for a clarification of Section 18-16-108 (Property left on premises after termination of lease). I am hereby requesting your opinion on the following question: At the end of a ten day period following the posting of the vacate notice by the sheriff's department, is the lease considered terminated, and can they take possession of the property as well as personal property inside the house and hold it for rent owed?
It is my opinion that the answer to this question is "no."
A review of the pertinent Arkansas Code sections does not support the proposition that the lease is considered terminated for purposes of A.C.A. 18-16-108 (Supp. 1989) after ten day's notice to vacate.
You have not indicated under what provision the ten days' notice is given, but I assume that the landlord is proceeding under A.C.A. 18-16-101 which sets forth a judicial procedure to prosecute tenants holding over after ten days' notice to vacate following the tenant's refusal or failure to pay rent when due. The criminal prosecution results in a misdemeanor and a fine of not less than $1.00 nor more than $25.00 for each offense. A.C.A. 18-16-101(b). This provision does not, however, confer a right to enter the property and take possession following the ten days' notice.
The landlord has a clearly delineated civil method for judicial removal of holdover tenants under A.C.A.18-60-304 (unlawful detainer statute). See also A.C.A.18-60-307 (proceedings in court). The procedure for executing a writ of possession obtained under the unlawful detainer statutes is set forth under A.C.A.18-60-310 (Supp. 1989). The removal of the defendant's possessions from the property is to be effected by the sheriff. Id.
Section 18-16-108 (Supp. 1989) states that when a leasehold ends voluntarily or involuntarily, all property left by the lessee is considered abandoned and a lien attaches to such property in favor of the lessor. However, this section does not state, nor have we found separate authority for the proposition, that the lease is considered terminated at the end of a ten day period following the posting of a vacate notice. And it is particularly significant to note in this regard that the Arkansas Supreme Court has expressed approval of a growing trend which forbids the use of methods other than judicial process in order for a landlord to regain possession of leased premises. See Gorman v. Ratliff,289 Ark. 332, 712 S.W.2d 888 (1986); see also McCrory v. Johnson, 296 Ark. 231, 243, 755 S.W.2d 566 (1988) (citing to Gorman v. Ratliff in holding that a lease provision authorizing self-help by a landlord is illegal and invalid); see generally Dale, Landlord Tenant — Forcible Entry and Detailer — Statutory Prohibition of Landlord Self-Help Remedies, 9 UALR L.J. 683 (1986-87).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.